IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MMA LAW FIRM, PLLC | § | |
| | § | |
| Plaintiff | § | CASE NO. 4:25-cv-00099 |
| | § | |
| vs. | § | |
| | § | |
| DALY & BLACK, P.C. | § | |
| | § | |
| Defendant | § | |

**DEFENDANT'S RESPONSE TO MMA'S NOTICE OF CANCELLED MEDIATION AND REQUEST FOR HEARING ON MMA'S PENDING MOTION TO REFER PRETRIAL MATTERS TO CHIEF BANKRUPTCY JUDGE RODRIGUEZ**

MMA's attorneys were sanctioned and disbarred in Louisiana over their conduct in acquiring the cases on which they now claim to be owed a fee. Daly & Black, P.C. ("Daly & Black") took over a small portion of those cases after the MMA lawyers were disbarred. No fee-sharing agreement exists between Daly & Black and MMA that would entitle MMA to any fee. Thus, MMA's only potential avenue is quantum meruit.[1]

On January 29, 2025, this Court ordered the parties to exchange documents to facilitate a mediation. The Court ordered MMA to produce, inter alia, "a breakdown of each task it performed for each claimant [for whom Daly & Black took over the representation] and the amount it claims it is owed for attorneys' fees." [Dkt. No. 7.]

---

[1] A critical issue, which cannot be addressed without discovery concerning the legal work that the disbarred MMA lawyers claim to have performed, is whether a disbarred lawyer is entitled to *any* fee, via quantum meruit or otherwise.

MMA now presents inaccurate statements to this Court in an effort to obtain a transfer, for pretrial purposes, to a forum it views as more favorable to pressure Daly & Black into mediation at a time when Daly & Black lacks the information necessary to evaluate MMA's claim.

**INACCURATE STATEMENT #1**: *MMA asserts that it fully complied with the Mediation Order by producing detailed documentation of every task performed across more than 2,500 cases and that it retained a third-party vendor to extract and organize this data from its internal systems at its own expense.* [MMA Br. ¶ 3.]

**RESPONSE:** In reality, MMA produced a single 68,759-page printout from its case management system covering more than 2,500 cases—over 2,100 of which have *no connection* to this matter because Daly & Black did not handle them. The production is not "detailed documentation," but rather a disorganized compilation that omits critical information. It does not identify attorneys, provide task descriptions, or include time entries. Instead of clarifying the issues, the production creates far more questions than it answers.

Because of its massive size, Daly & Black has not attached the full document to any filings to date. **Exhibit A** contains sample pages of the printout, and the entire document can be provided at the Court's request. MMA (who bears the burden of proof) seeks to shift that burden to Daly & Black by requiring it to sift through nearly 70,000 pages of incomplete and incoherent material to determine which entries relate to Daly & Black's clients, who performed the work, and how much is being claimed. That information simply does not exist in the production provided..

**INACCURATE STATEMENT #2**: *MMA claims that Daly & Black unilaterally cancelled the April 22, 2025 mediation, citing a need for discovery beyond that contemplated by the Mediation Order, rather than seeking relief from the Court regarding MMA's production.* [MMA Br. ¶ 6.]

**RESPONSE:** This characterization is inaccurate. Daly & Black promptly responded to MMA's counsel with a detailed email outlining the deficiencies in MMA's production. *See* **Exhibit B**. When MMA refused to provide the requested information, Daly & Black sought relief from this Court by filing Defendant's Motion for Entry of Rule 16(b) Scheduling Order and, in the Alternative, Motion to Compel Compliance with Court Order. [Dkt. No. 10.] The Court has not yet set that motion for hearing or ruled on it.

**INACCURATE STATEMENT NO. 3**: *MMA asserts that, on September 12, 2025, before filing its Notice, it contacted Daly & Black to ask whether they were willing to proceed with mediation and that Daly & Black did not respond but instead indicated that they would file a separate notice with the Court.*

**RESPONSE:** The record shows otherwise. At 3:19 p.m. on Friday, September 12, 2025, MMA sent Daly & Black a copy of the "Notice of Cancelled Mediation" it intended to file. At 3:24 p.m.—five minutes later—MMA filed the Notice with the Court. Such conduct does not satisfy the Court's local rules on conferrals, which require a good faith effort to confer regarding the disposition of pretrial motions. The Court's rules further provide that a certificate of conferral is sufficient only if it identifies the opposing counsel with whom the movant conferred or attempted to confer and specifically states that the requirement is not satisfied by an unsuccessful attempt to contact opposing counsel less than two full business days before filing. MMA's actions fell well short of these standards.

Based on the facts presently known to Daly & Black, this case appears to be frivolous and raises substantial concerns as to whether any reasonable inquiry into its merits was conducted before filing. To properly evaluate MMA's claim and address potential Rule 11 issues, Daly & Black requires the requisite information specifying exactly what MMA is asserting. Accordingly,

Daly & Black respectfully requests an oral, in-person hearing on its Motion for Entry of Rule 16(b) Scheduling Order and, in the Alternative, Motion to Compel Compliance with Court Order. [Dkt. No. 10.]

        Respectfully submitted,

        **DALY & BLACK, P.C.**

By:   /s/ *Richard D. Daly*
        Richard D. Daly
        TBA No. 00796429
        rdaly@dalyblack.com
        ecfs@dalyblack.com
        2211 Norfolk St., Suite 300
        Houston, Texas 77098
        713.655.1405—Telephone
        713.655.1587—Facsimile

        **ATTORNEYS FOR DEFENDANT,**
        **DALY & BLACK, P.C.**

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing document has been electronically served on all counsel of record on September 17, 2025.

        /s/ *Richard D. Daly*
        Richard D. Daly